UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER A. SHAFER, | Case No. C20-1056 RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE |
| v. | |
| C.R. BARD, INC. *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Extend Discovery Deadline to allow for the deposition of Plaintiff's physician, Dr. Sandeep Vaidya, who implanted the C.R. Bard Recovery Filter System at issue in this litigation. Dkt. #23. Defendants C.R. Bard and Bard Peripheral Vascular, Inc. ("Bard") oppose Plaintiff's motion. Dkt. #24. Plaintiff has not replied to Defendant's opposition. For the reasons set forth below, the Court DENIES Plaintiff's motion.

The Court may alter a scheduling order "only for good cause." Fed. R. Civ. P. 16. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)). The Court's local rules similarly note the need for parties to proceed with

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE – 1

diligence. *See* Local Rules W.D. Wash. LCR 16(b)(6) ("The parties are bound by the dates specified in the scheduling order. A schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance.").

Discovery deadlines in this case were set on November 30, 2020. Dkt. #17. Parties jointly moved to extend the deadline to serve Rule 26(a)(2) expert disclosures, which this Court granted on May 5, 2021. Dkt. #22. On July 2, 2021, 2 days before the fact discovery deadline expired, Plaintiff filed the instant motion to extend the discovery deadline from July 4, 2021 until the deposition of Dr. Vaidya has been taken. Dkt. #23. Plaintiff makes no mention of diligence in his motion but argues that the deposition of Dr. Vaiya is "imperative." *Id.* at 2. He explains that Plaintiff had been attempting to find and contact Dr. Vaidya "for several weeks" through letters and phone calls and is now in the process of scheduling deposition dates. *Id.*

The Court is not persuaded that Plaintiff has acted diligently in in securing Dr. Vaidya's testimony. Plaintiff's repeated efforts to communicate with Dr. Vaidya in order to schedule the deposition discount his ability to subpoena witnesses. *See* Fed. R. Civ. P. 45. Furthermore, nothing in Plaintiff's motion explains why he waited until two days before the expiration of parties' requested fact discovery deadline to bring this motion. Defendants' opposition, to which Plaintiff has not replied, argues there is no good cause to warrant the reopening of fact discovery where Plaintiff had months to subpoena the witness whom he now wants to depose. Dkt. #24 at 4. Furthermore, Defendants argue they would be prejudiced by any additional extension given that they already deposed Plaintiff's expert under the constraints of the original deadline set forth in the Court's scheduling order. *Id.* The Court agrees.

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE – 2

1      Accordingly, having considered Plaintiff's motion, Defendants' response and the declaration attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Extend the Discovery Deadline, Dkt. #23, is DENIED.

DATED this 2nd day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE – 3