1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15
16

| | |
|---|---|
| CHRISTOPHER A. SHAFER, | Case No. C20-1056RSM |
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE TRIAL |
| v. | |
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | |
| Defendants. | |

17
18
19
20
21
22

        This matter comes before the Court on Plaintiff Christopher Shafer's Motion to Continue the Trial Date. Dkt. #38. Trial in this matter is currently set for November 1, 2021. Mr. Shafer now informs the Court that his local counsel, Maria Diamond, has a trial set to begin that very day in Spokane County Superior Court. He moves to continue trial to October 2022 or at the very least March 2022

23
24
25
26
27
28

        The current trial date in this case was set on November 30, 2020. Dkt. #17. Just a few days later, on December 8, 2020, Ms. Diamond stipulated to a motion requesting a November 1, 2021 trial date in the Spokane case, which was granted the next day. Dkt. #58-1. Plaintiff does not explain why Ms. Diamond asked to continue a trial to *this* day, a day that conflicted with the

ORDER DENYING MOTION TO CONTINUE TRIAL - 1

instant trial.  Nor does he explain why this conflict was not brought to the Court's attention before the instant Motion was filed nine weeks before trial.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id*.  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Plaintiff has the burden of demonstrating good cause to continue trial and has failed to do so.  The Court finds that this trial conflict was of his counsel's own making, and that Plaintiff has failed to demonstrate diligence in bringing it to the Court's attention.  Plaintiff also fails to convince the Court he must proceed with this local counsel given the significant role played by lead counsel from Martin Baughman.  If Plaintiff was simply requesting to continue trial for a week or a month, the prejudice to Defendants might be smaller.  However, Plaintiff is requesting to continue this matter for a year, or at least a few months to find new local counsel. The search for new local counsel has hopefully already begun.

Finally, Defendants argue that they will be prejudiced by any change to the trial date as Defendants and defense counsel are attempting to schedule a multitude of Bard filter trials

ORDER DENYING MOTION TO CONTINUE TRIAL - 2

across the country.  although the prejudice to Defendants is likely still small, it does exist and weighs against granting this Motion.

Having reviewed Defendants' Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Christopher Shafer's Motion to Continue the Trial Date, Dkt. #38, is DENIED.

DATED this 28th day of September, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CONTINUE TRIAL - 3